■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR SOTERO, Appellant. [678 NYS2d 494] —Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered November 13, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^{1/2}$ to 9 years, and judgment, same court (Budd Goodman, J.), rendered November 15, 1996, convicting defendant, upon his plea of guilty, of violation of probation, and resentencing him to a consecutive term of 1 to 3 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the jury's credibility determinations. Nor do we find an abuse of sentencing discretion. Concur—Ellerin, J. P., Williams, Mazzarelli and Andrias, JJ.

■ In the Matter of MARTIN KOBEL, Petitioner, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [678 NYS2d 494] —Determination of respondent Police Commissioner, dated November 13, 1996, dismissing petitioner from his position as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Robert Lippmann, J.], entered June 12, 1997), dismissed, without costs.

Substantial evidence supports respondent's determination that petitioner failed to intervene in an assault on an off-duty member of the Police Department, which he knew was going to occur and observed in progress. No basis exists to disturb respondent's findings on credibility (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444). Concur—Ellerin, J. P., Williams, Mazzarelli and Andrias, JJ.